The Judges,
after considering this case, felt and acknowledged it was an important one to the community. *554 That a post-office was an office of great trust and cpnfidence, in which the commercial interests of the union were deeply concerned; and unless great punctuality was- observed, the inconveniences and injuries- to the public would be beyond all calculation» But important as the case was, this and every other of the like bind, must be governed by its own, circumstances- Wherever a postmaster is guilty himself of any negligence or misbehaviour, he ought to be made liable in damages ; but it would be hard and unreasonable to make him responsible further than for his own misconduct, especially where such a number of persons are necessarily concerned in the post-office department.
In the present case, it appears from the evidence offered,, that Williamson was from home when the letter in question was, lodged in the post-office; that he knew nothing about it. It would not, therefore, be very consistent with justice to make him liable for a thing he knew nothing about, or had no knowledge of. The letter enclosing the money was- delivered to- Chapman, the deputy in the office, who took charge of it; and it has not appeared that the money was takenout of the letter after it left the post-office at Columbia± or that the mail was robbed, or that any accident happened on the road to Charleston.
The presumption is, therefore,- that the money must have been tálcen out of the letter by some one who had access to the office before the mail was closed, as the money was not in the letter when delivered out of the post-office in- Charleston;, and although there is no, imputation against Chapman’s honesty, yet by his negligence it might have been lost or taken out by some dishonest person who -got admission by some means into the post-office. Deputy-postmasters are subsisting substantial officers-, and are-liable for all their nonfeasances, and misfeasances, and an action may be maintained against them for all omissions and neglects in office. And the case cited from Salk-17. is strong-in point j where it is express!}' Ibid down, that a deputy is *555 liable > SO also in 3 Will. 447. And it is not necessary that a premium should be paid to make him liable; for whether r * # * , - it be paid or not, the law will charge him, upon ms general undertaking to carry it safely, as was determined in 2 Ld. Raym. 909. after solemn argument, by all the Judges; likewise, 3 Will. 446. They were, therefore, all of opinion, there was no evidence in this case to charge Williamson, the principal in office, but there was nothing to prevent the plaintiff from going on against Chapman, the deputy, if he thought proper.
Rule for new trial made absolute»
All the Judges present,